1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN MARC VAN DEN HEUVEL,              Case No.  2:21-cv-01452-TLN-JDP (PS)

12                Plaintiff,                SCREENING ORDER

13        v.                                ECF No. 1

14   TERESA LUA, *et al.*,                  ORDER GRANTING PLAINTIFF'S
                                            MOTIONS TO PROCEED *IN FORMA*
15                Defendants.               *PAUPERIS*

16                                          ECF Nos. 2, 5

17                                          FINDINGS AND RECOMMENDATIONS
                                            THAT THIS CASE BE DISMISSED
18
                                            OBJECTIONS DUE WITHIN 14 DAYS
19

20                              **ORDER**

21        Plaintiff moves to proceed without prepayment of filing fees.  ECF Nos. 2, 5.  Plaintiff's

22   affidavit satisfies the requirements to proceed in such manner.  *See* 28 U.S.C. § 1915(a).  Thus,

23   the motions, ECF Nos. 2 & 5, are granted.

24                   **FINDINGS AND RECOMMENDATIONS**

25        Having granted plaintiff's motions to proceed *in forma pauperis*, the first amended

26   complaint is now subject to screening under 28 U.S.C. § 1915(e).  The court must dismiss any

27   action filed in forma pauperis that is frivolous, malicious, that fails to state a claim upon which

28

                                   1

1   relief may be granted, or that seeks monetary relief against a defendant who is immune from suit.

2   28 U.S.C. § 1915(e)(2)(B).

3        Plaintiff Jean Marc Van Den Heuvel seeks damages related to the loss of his seventeen-

4   year-old emotional support dog, Toby.  ECF No. 5 at 6.  Defendant Teresa Lua, a dental

5   hygienist, hit Toby with her car, killing him.  *Id.*  Plaintiff claims that a dentist with whom Lua

6   works, Dr. Carl Hillendhal, bears some responsibility; he is named as a second defendant.  *Id.*

7        Plaintiff's circumstances do not give rise to a federal claim.  Federal courts have limited

8   jurisdiction.  *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Here, diversity

9   jurisdiction does not exist; all parties are from the state of California.  *See* 28 U.S.C. § 1332(a);

10  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006).  And there is no

11  federal question jurisdiction because no federal law is identified as applicable.  *See* 28 U.S.C.

12  § 1331; *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).  Plaintiff may wish to seek relief in

13  state court.  Plaintiff attaches a section of the California Penal Code to the complaint, which may

14  indicate an attempt to have crimes investigated and criminal charges brought against defendants.

15  ECF No. 4 at 13-14.  Citizens cannot bring criminal charges or compel a governmental body to

16  bring criminal charges.  Further, "criminal statutes . . . do not give rise to civil liability."  *Allen v.*

17  *Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).  Thus, the complaint fails to state a

18  claim upon which relief can be granted.  Leave to amend would be futile.

19       Accordingly, it is recommended that plaintiff's case be dismissed for failure to state a

20  claim.

21       I submit these findings and recommendations to the district judge under 28 U.S.C.

22  § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

23  Eastern District of California.  Plaintiff may, within 14 days of the service of the findings and

24  recommendations, file written objections to the findings and recommendations with the court.

25  Such objections should be captioned "Objections to Magistrate Judge's Findings and

26  Recommendations."  The district judge will review the findings and recommendations under 28

27  U.S.C. § 636(b)(1)(C).

28

IT IS SO ORDERED.

Dated:   April 12, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE