1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN MARC VAN DEN HEUVEL ,          Case No.  2:21-cv-01452-TLN-JDP (PC)

12              Plaintiff,               ORDER DISCHARGING THE JUNE 12, 2023
                                         ORDER TO SHOW CAUSE
13       v.
                                         ECF No. 18
14   TERESA LUA,
                                         FINDINGS AND RECOMMENDATIONS
15              Defendant.               THAT PLAINTIFF'S SECOND AMENDED
                                         COMPLAINT BE DISMISSED WITHOUT
16                                       LEAVE TO AMEND

17                                       ECF No. 19

18

19       Plaintiff Jean Marc Van den Heuvel alleges in his second amended complaint that Dr. Carl

20   Hillendhal and Teresa Lua killed his service dog, Toby.  His complaint, however, fails to state a

21   claim, and I will recommend that it be dismissed as frivolous.  I will discharge the June 12, 2023

22   order to show cause.

23                        **Screening and Pleading Requirements**

24       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

25   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

26   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

27   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

28   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

                                               1

1    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

2    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

3    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

4    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

5    n.2 (9th Cir. 2006) (en banc) (citations omitted).

6            The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

7    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

8    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

9    would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

10   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

11   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

12   1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

13                                            **Analysis**

14           The complaint names two defendants—Dr. Carl Hillendhal and Teresa Lua—but it is

15   nearly devoid of factual allegations against either.  ECF No. 19.  The only mention of defendant

16   Lua is incoherent: "[t]his case the 'killings' of my beloved stroke service dog,not only was iy

17   intent,by ignorances by Teresa Lua,but fabrications of 'justified arguments,like attorneys use'

18   were implanted by early justified. . . ."  *Id.* at 3.  And the complaint makes no reference to

19   defendant Hillendhal.  Plaintiff must allege with at least some degree of particularity overt acts of

20   defendants that support his claims.  *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th

21   Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which

22   defendants engaged in that support the plaintiff's claim.").

23           The complaint refers to a variety of individuals and situations, but the court is unable to

24   discern any cause of action associated with either defendant.  *See* ECF No. 19 at 1-5.  Plaintiff has

25   attached several documents to the complaint, including medical reports from 2014 and documents

26   from an El Dorado County state court proceeding.  *Id.* at 6-21.  But plaintiff makes no allegations

27   that connect the attachments to a cause of action.

28

1    The complaint fails to comport with Rule 8's requirement that it present a short and plain

2    statement of plaintiff's claims.  Fed. R. Civ. P. 8(a).  And it contains no facts to support any

3    cognizable legal claim against either defendant.

4    The operative complaint should be dismissed for failure to state a claim.  Given the

5    complaint's allegations, I find that granting plaintiff an opportunity to amend would not cure its

6    deficiencies, and so I recommend that dismissal be without leave to amend.[1]  *See Schucker v.*

7    *Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) ("Dismissal of a pro se

8    complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of

9    the complaint could not be cured by amendment.") (internal quotation marks and citations

10   omitted).

11   Accordingly, it is hereby ORDERED that the June 12, 2023 order to show cause, ECF No.

12   18, is discharged.

13   Furthermore, it is hereby RECOMMENDED that:

14   1.  Plaintiff's second amended complaint, ECF No. 19, be dismissed without leave to

15   amend.

16   2.  The Clerk of Court be directed to close this matter.

17   These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19   after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22   objections shall be served and filed within fourteen days after service of the objections.  The

23   parties are advised that failure to file objections within the specified time may waive the right to

24

25   [1] Plaintiff is no stranger to this court, having filed forty cases in this district in the past ten
     years.  Several of plaintiff's prior complaints resemble in some ways the instant complaint, and
26   none have survived screening.  *See Van Den Heuvel v. A.M.P.M. Mini Mart*, 2:23cv752-TLN-AC
     (PS) (E.D. Cal. June 21, 2023) (dismissing plaintiff's complaint for failure to state a claim); *Van*
27   *Den Heuvel v. Walmart Super Store*, 2:22-cv-249-DJC-JDP (PS) (E.D. Cal. June 5, 2023) (same);
     *Van Den Heuvel v. Kathy McMillian*, 2:22-cv-2292-DAD-CKD (PS) (E.D. Cal. Aug. 16, 2023)
28   (same).

appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE